Entered on Docket
December 15, 2006
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

The following constitutes
the order of the court. Signed December 14, 2006

_____
Marilyn Morgan
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COM21, INC.<br><br>Debtor. | Case No.-03-54533-MM<br><br>Chapter 7 |
| ARRIS INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>HYBRID PATENTS, INC. HYBRID NETWORKS, INC., HYBR WIRELESS INDUSRIES LIMITED, LONDON PACIFIC LIFE & ANNUITY COMPANY, and CAROL WU, TRUSTEE OF THE ESTATE OF COM21, INC.,<br><br>Defendants. | Adversary No. 06-5098<br><br>**MEMORANDUM DECISION ON DEFENDANTS' MOTIONS TO DISMISS, TRANSFER OR STAY AND ON CHARTER'S MOTION FOR LIMITED INTERVENTION** |

## INTRODUCTION

Defendants, with the exception of Carol Wu, ask the court to dismiss or stay this adversary proceeding in favor of a patent infringement case currently pending before the District Court for the Eastern District of Texas. In the alternative, they ask that the five claims against them be transferred to Texas. A separate motion requests dismissal of the adversary proceeding based on lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Third party, Charter

Communications, Inc. has requested limited intervention, leave to appear as a party in interest or to be heard as amicus curiae solely for the purpose of responding to the defendants' motions.

After considering the papers filed in support of and in opposition to the motions, the court deemed all matters appropriate for resolution without oral argument, *see* B.L.R. 9013-2(a), and took the matter under submission. Based on the extensive materials submitted and for the reasons explained, Charter's motion to be heard as amicus curiae is granted for the limited purpose of responding to the motions at hand. Defendants' motion to stay this action pursuant to the first to file rule is granted, and the motion to dismiss pursuant to Fed. R. Civ P. 12(b)(1) or (6) will be addressed if and when the stay is lifted.

## BACKGROUND

This adversary proceeding revolves around the ownership and right to use four United States patents related to the cable modem business and originally owned by defendant Hybrid Networks, Inc. In 1997, HNI gave London Pacific Life & Annuity Company a security interest in all of HNI's assets, including the four patents at issue, as part of a $5 million borrowing transaction. London perfected its security interest.

In an unrelated 1999 transaction, HNI entered into a license agreement with the debtor, Com21, Inc. The agreement gave Com21 a perpetual non-exclusive right to make and sell products using the methods detailed in the patents. The license agreement also contained provisions that required HNI to give Com21 written notice of any sale of the patents, including "sales, assignments and transfers as a result of bankruptcy or insolvency." The agreement gave Com21 a fifteen day right of first refusal following receipt of the required notice, during which Com21 could purchase the patents at the same price as offered by the proposed third-party purchaser. The license agreement further provided that the agreement would be binding on and inure to the benefit of the successors of both HNI and Com21.

In May 2002, HNI defaulted on its loan obligation to London. London instituted foreclosure proceedings and, following a public auction, took possession of HNI's tangible assets on or about May 31, 2002. Immediately after London took possession of the patents, London transferred them to HYBR Wireless Industries, Ltd., who in turn assigned them to Hybrid Patents, Inc.

Over a year later, on July 15, 2003, Com21 filed a petition before this court for relief under chapter 11 of the Bankruptcy Code. At the time of its petition, Com21 had already negotiated a sale of substantially all of its assets to Arris International, Inc. The written Asset Purchase Agreement between Arris and Com21 transferred all patents, patent applications and other proprietary rights related to Com21's business. It contained a schedule of the intellectual property being transferred and warranted that the licenses and permits to be conveyed constituted all of the licenses and permits necessary to conduct Com21's business. Com21, however, never disclosed the existence of the four patents at issue herein, nor did it indicate that it had a license to use the technology detailed in the patents. On August 12, 2003, the court entered an order approving the sale. The order retains exclusive jurisdiction in this court to resolve disputes arising under or related to the sales agreement.

In September 2005, Hybrid Patents filed a patent infringement suit in the District Court for the Eastern District of Texas against one of Arris' customers, Charter Communications, Inc. The suit alleges that Hybrid is the rightful owner of the four patents that it acquired from London following the 2002 foreclosure sale and that Charter uses or sells products that infringe the four patents. As part of its answer, Charter denied that Hybrid owns the patents.

On March 31, 2006, Arris initiated this adversary proceeding. The First Amended Complaint seeks a declaratory judgment that title to the patents did not pass to London via that foreclosure proceedings. It asks this court to compel Hybrid to transfer the patents to Arris and to enjoin Hybrid from pursuing any litigation, including the Texas action, based on Hybrid's claim that it owns the patents. In additional claims for relief, Arris seeks to recover damages for breach of the license agreement and breach of the sales agreement between the estate and Arris. Arris alleges that the estate of Com21 is required to indemnify Arris and that the trustee of the estate should be enjoined from terminating the license agreement.

Sometime after Arris initiated this adversary proceeding, Charter filed a third party complaint against Arris & other third parties in the Texas litigation. Charter's third party complaint alleges that Arris is the beneficial owner or a full licensee of the four patents. It asserts that Arris and the other third party defendants have either breached warranties made to Charter or have a duty to indemnify Charter for any damages arising out of the Texas litigation. In June 2006, Arris responded to the third party

3

**MEMORANDUM DECISION AND ORDER**

1 complaint with an Answer, a Counterclaim against Charter and a Third Party Complaint against Hybrid
2 Patents. Discovery is underway in the Texas litigation and it is currently scheduled for trial on July 2,
3 2007. Both Arris and Charter have filed motions in Texas to dismiss, transfer or stay the Texas patent
4 litigation so this court can exercise jurisdiction over the dispute. The Texas court has not ruled on the
5 motions.

6 The parties' ownership dispute centers on a number of discrete issues. The defendants contend
7 that London's foreclosure of its security interest in HNI's assets extinguished Com21's rights under the
8 license agreement between HNI and Com21. As a result, defendants assert that Hybrid Patent took clear
9 title to the patents in 2002. Arris, on the other hand, urges that HNI did not provide written notice of
10 the foreclosure sale to Com21 as required by the license agreement. Because Com21 was denied its
11 right of first refusal, Arris asserts that Com21's rights and interests under the license agreement survived
12 the foreclosure and became part of Com21's bankruptcy estate. Assuming that the license agreement
13 survived the foreclosure, defendants contend that Com21 failed to assume and assign the license as part
14 of the bankruptcy proceedings and therefore, the sale to Arris did not include Com21's interest in the
15 license agreement between HNI and Com21. Arris, by contrast, believes that by virtue of the license
16 agreement, the bankruptcy sale and the order approving the bankruptcy sale, it has succeeded to the
17 rights of Com21 in the license agreement. It asserts that it either has ownership rights to the four patents
18 at issue or is fully licensed to use the technology covered by the patents.

## **LEGAL DISCUSSION**

21 The exercise of concurrent jurisdiction among the federal district courts can create inefficiency,
22 duplicative litigation and conflicting decisions. These concerns led to the development of a legal
23 principle known as the first to file rule. According to the Ninth Circuit's articulation of the rule, it
24 allows a "district court to transfer, stay or dismiss an action when a similar complaint has already been
25 filed in another federal court." *Alltrade, Inc. v. Uniweld Products, Inc.* 946 F.2d 622, 623 (9th Cir.
26 1991). The decision to defer to another federal court based on the first to file rule is discretionary.
27 However, in light of the important interests being served, the rule should not be disregarded lightly. *Id.*
28 at 625.

4

**MEMORANDUM DECISION AND ORDER**
Case: 06-05098   Doc# 66   Filed: 12/14/06   Entered: 12/15/06 15:57:26   Page 4 of 11

**I.     The Prerequisites to the Operation of the First to File Rule are Fulfilled.**

There are three prerequisites to the application of the first to file rule: 1) the existence of a chronologically first-filed suit; 2) involving the same issues; and, 3) the same parties. *Id.* at 625-26. Although some courts across the country have strictly construed the "sameness" requirements, the courts in this circuit have generally not required strict identity of the issues or parties. Rather, substantial similarity between the actions is enough. *Panasonic Corp. of North America v. Patriot Scientific Corp.*, 2006 WL 709024, at *2 (N.D. Cal. Mar. 16, 2006); *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006); *Dumas v. Major League Baseball Properties, Inc.*, 52 F. Supp. 2d 1183 (S.D. Cal. 1999), *vacated on other grounds by,* 104 F. Supp.2d 1224 (S.D. Cal 2000), *and aff'd*, 300 F.3d 1083 (9th Cir. 2002). This liberal construction of the "sameness" requirements makes sense because it better serves the policies against inefficiency and unnecessary duplication that underpin the rule. As one court noted, the presence of additional parties or issues in one of the cases is simply one factor that the court can consider in determining whether to exercise its jurisdiction. *British Telecommunicatioons v. McDonnell Douglas Corp.*, 1993 WL 149860 at *4-5. (N.D. Cal. May 3, 1993).

The record here demonstrates that, chronologically, the Texas litigation is the first-filed action vis à vis this adversary proceeding. It was filed nearly seven months before Arris filed its adversary complaint in this court. It makes no difference that Arris had not yet been joined as a party in the Texas litigation when it initiated this adversary proceeding. *See Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 182-83 (1952)(stay of second filed action upheld even though plaintiff in second suit was not joined as defendant in first filed action until after second suit was initiated). In making the determination of which action is filed first, the court looks to the filing date of the original complaint. *Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270 (C.D. Cal. 1998); *Ward v. Follett Corp.* 158 F.R.D. 645, 648 (N.D. Cal. 1994).

There is also sufficient similarity of issues to satisfy the second prerequisite. The ownership of and the right to use technology covered by the four patents is at the heart of both the Texas litigation and this proceeding. Arris and Charter both concede that much. Arris urges, however, that the two cases are dissimilar because there are additional claims before this court involving the effect of the asset purchase agreement between Com21 and Arris on the ownership issues and claims arising from an

5

alleged breach of that agreement. This argument is not persuasive. As discussed above, strict identity of issues is not essential. In *Gunthy-Renker*, a court in the central district of California found issues to be sufficiently similar even though one suit involved the right to use technology covered by five separate patents and asserted some related business tort claims while the other suit was limited to a patent infringement claim regarding only one of the five patents at issue in the first suit. *Guthy-Renker*, 179 F.R.D. at 270. A court in this district also found a substantial similarity in issues even though a later-filed action included tort claims that were not dependent on a contract that was at issue in both suits. *Inherent.com*, 420 F. Supp. 2d at 1099. Thus, where key issues overlap and the resolution of one case could affect the resolution of the other, the first to file rule should apply to further the rule's underlying interest in judicial economy.

Here, there is no real dispute that the ownership issues presented to both this court and the Texas court will directly affect the litigation before the other court. Hybrid Patent's standing to pursue the Texas patent litigation has been challenged. To establish the ownership aspect of its prima facie case, Hybrid Patents asserts that the 2002 foreclosure proceedings extinguished the license agreement between HNI and Com21 and that clear title was transferred to Hybrid Patent. If the Texas district court accepts this position, it would establish that, when Com21 filed its bankruptcy petition, Com21 had no interest in the patents to become part of its bankruptcy estate. Hybrid Patent's infringement claims could then proceed in Texas, the first-filed plaintiff's chosen forum, without further involvement of this court. The Texas court could also find against Hybrid Patents and conclude that Com21's first refusal rights contained in its 1999 license from HNI prevented London from obtaining good title to the patents through foreclosure. Again, there would be little need for further involvement by this court. There is only one scenario that might require this court's participation to resolve the ownership issues. If the Texas District Court determines that Hybrid Patents gained title to the four patents via foreclosure but that it took title subject to Com21's license rights, then this court may need to make a determination regarding the effect of the bankruptcy sale of Com21's assets on those license rights. Nevertheless, even in this scenario, the Texas court's initial consideration of the case will streamline the issues that would need to be decided here. This is just the kind of overlap, that satisfies the "same issues" requirement.

Three decisions cited by Arris where issues were found to be dissimilar do not require a different conclusion. In two of the cases, the courts determined that resolution of the issues in the first action would have no effect on the issues in the second action. *See e.g., Cedars-Sinai Medical Center v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997)(all issues in second action would remain regardless of the outcome of the first action); *American Traffic Solutions, Inc. v. Red Light, LLC*, 2006 WL 1159926, at *3 (D. Ariz. May 2, 2006)(the two suits involved separate duties under two separate contracts between the same parties). In the third case, the court noted that the issues were not precisely the same, but also went on to find that there was simply no risk of duplicative effort or conflicting judgments under the circumstances of that case. The second court was the only court with jurisdiction over the painting in dispute due to the nature of the in rem forfeiture proceedings pending before it. *United States v. One Oil Painting Entitled "Femme En Blanc" By Pablo Picasso*, 362 F. Supp. 2d 1175, 1184-85 (C.D. Cal. 2005).

Turning to the last required element, the parties in both actions are similar enough to apply the first to file rule. Again, strict identity is not needed, only substantial similarity. *Dumas,* 52 F. Supp. 2d at 1189. The courts look to whether the *primary* parties in both actions are the same. *See Guthy-Renker*, 179 F.R.D. at 270. Here, there is no dispute that Hybrid Patent and Arris, the parties that are central to the patent ownership dispute, are present in both actions. Although Charter has asserted third party indemnity claims against a number of other parties in the Texas litigation, those claims are secondary to the ownership issue between Arris and Hybrid Patent. Further, the fact that Arris has named HNI, London, HYBR and Com21's bankruptcy estate as additional defendants in this adversary proceeding does not preclude application of the first to file rule. Whether any of these additional defendants are necessary to resolve the central question of patent ownership is unclear under any of the three scenarios described above. In light of the deference to be given to the first filed case, whether they can and should be joined in the Texas litigation are issues that, in the first instance, should be considered by the Texas District Court. *British Telecommunications*, 1993 WL 149860, at *4-5.

7

**MEMORANDUM DECISION AND ORDER**

**II. No Exception to the First to File Rule is Warranted Under the Circumstances of this Case.**

Even where the three requirements for application of the first to file rule are satisfied, a court, in its discretion, may still decide to exercise its jurisdiction to proceed with a second-filed case if an equitable exception to the rule applies. For example, courts have recognized exceptions where the first suit was filed in bad faith or was an anticipatory suit filed for the purpose of forum shopping. *Alltrade*, 946 F.2d at 628. At times, where the later-filed suit has progressed further, efficiency considerations might disfavor application of the first to file rule. *See Church of Scientology of California v. United States Department of the Army*, 611 F.2d 738, 750 (9th Cir. 1980). Nevertheless, absent a compelling exception, the second court should give deference to the first-filed court. *Panasonic*, 2006 WL 709024, at *3.

Both Arris and Charter, as amicus curiae, believe that the first to file rule should give way here because this court retained exclusive jurisdiction over disputes arising out of or related to the sale order approving the sale of Com21's assets to Arris. As seen above, however, the ownership dispute may be resolved without ever considering the effect of the bankruptcy sale. While there is a possibility that this court may at some point need to be involved, that fact merely suggests that a stay of this action may be more appropriate than dismissal. The court is not persuaded that it amounts to a compelling reason to disregard the first to file rule.

Arris also asks this court to move forward with this adversary proceeding because the convenience of the parties dictates that the Northern District of California is the more appropriate forum for the pending cases. Generally, arguments concerning the convenience of witnesses and parties are properly addressed, in the first instance, to the court in the first-filed action. *See Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982). *Isle Capital Corp. v. Koch Carbon, Inc.*, 2006 WL 823186, at *4 (N.D. Cal. Mar. 28, 2006). Charter raised the forum non-conveniens issues with the Texas District Court over six months ago. In the interest of comity, this court believes that the Texas District Court should have the first opportunity to consider those issues.

Even if the court were to consider the forum non conveniens arguments, the record before the court does not contain convenience factors that are so compelling as to warrant an exception to the first to file rule. Although some of the agreements at issue in this adversary proceeding, like the asset

8

purchase agreement between Com21 and Arris, contain California forum selection clauses, it is not clear that consideration of those agreements is necessary to a determination of patent ownership. Further, while some of the parties and witnesses may be located in California, it appears that others are not. Unless the balance of the factors weigh strongly in favor of the second forum, the plaintiff's choice of forum in the first-filed action should rarely be disturbed. *Panasonic*, 2006 WL 709024, at *4, *citing*, *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

**III. Under the Circumstances of this Case, a Stay of Proceedings is More Appropriate Than a Transfer or Dismissal of this Action.**

Having determined that the first to file rule applies to this case and that there is no reason to decline to apply it, the next question is the appropriate form of relief. As the defendants' indicated in their motion, the court may dismiss, transfer or stay this adversary proceeding. Dismissal might be appropriate if the issues in the two actions were strictly identical such that resolution of the Texas litigation would leave no issues before this court. That is not the case here. A stay appears to be the better course because, as discussed above, this court may eventually need to resolve the additional claims alleged by Arris against the bankruptcy estate of Com21. While resolution of the patent ownership issues in Texas may streamline this adversary proceeding and limit the issues to be decided here, it may not resolve them all.

The advantage of a stay over dismissal is further supported by the jurisdictional and convenience issues raised by the parties. Arris has argued that this adversary proceeding should go forward because this court is the only court that has jurisdiction over Com21, and Com21 is a necessary and indispensable party to resolution of the patent ownership issues. While this court has pointed out a number of reasons why Com21 may not be a necessary party to determining the patent ownership issues, questions of joinder and jurisdiction are to be first decided in the first-filed action. *British Telecommunications*, 1993 WL 149860, at *4.

9

**MEMORANDUM DECISION AND ORDER**

## CONCLUSION

For the reasons explained, Charter's motion for leave to intervene on a limited basis, to appear as a party-in-interest, or to be heard as amicus curiae is granted as to the request to be heard as amicus curiae and is denied in all other respects. Defendants' motion to stay this action pursuant to the first to file rule is granted. This action is stayed pending further order of the court. If the District Court for the Eastern District of Texas determines that the dispute over the ownership of or the right to use the four patents is a dispute "arising under or related to" the sales agreement between Com21 and Arris that this court approved, then this court will exercise its exclusive jurisdiction over those issues. The parties are directed to provide the court with a status of the Texas litigation every six months from the date of this order, or sooner upon any determination in the Texas action that may affect the status of this case. Ruling on defendants' motions to dismiss pursuant to 12(b)(1) and (6) is deferred unless and until the stay is lifted.

Good cause appearing, IT IS SO ORDERED.

**** END OF ORDER ****

Adv. P. 06-5098

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SERVICE LIST

Geraldine A. Freeman
David A. DeGroot
Ori Katz
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106

John Walshe Murray
Robert A. Franklin
Cheryl A. Jordan
MURRAY & MURRAY
19400 Stevens Creek Boulevard, Suite 200
Cupertino, CA 95014-2548

Eric R. Lamison
Adam R. Alper
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104

Richard L. Wynne
Michael I. Gottfried
Shirley S. Cho
F. Wade Ackerman
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, CA 90017

Jeffrey C. Morgan
TROUTMAN SANDERS LLP
5200 Bank of America Plaza
600 Peachtree Street
Atlanta, GA 30308-2216

Michael E. Wilson
Three Allen Center #4720
333 Clay Street
Houston, TX 77002

Carol Wu
25A Crescent Dr. #413
Pleasant Hill, CA 94523